IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD DIAZ, | ) | |
| Petitioner, | ) | No C 07-2612 VRW (PR) |
| vs. | ) | ORDER TO SHOW CAUSE |
| DERRAL ADAMS, Warden, | ) | (Docs # 2 & 3) |
| Respondent. | ) | |

Petitioner, a state prisoner incarcerated at California State Prison, Corcoran, has filed a pro se petition for a writ of habeas corpus under 28 USC § 2254. Petitioner also seeks appointment of counsel and leave to proceed in forma pauperis under 28 USC § 1915.

**BACKGROUND**

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Monterey of second degree robbery and unlawful use of a badge. The court found true the allegation that petitioner had three prior strike convictions of robbery and one prior serious felony conviction of robbery. On April 10, 2003, he was sentenced to a total term of 15 years in state prison.

On April 21, 2005, the California Court of Appeal stayed a concurrent one-year county jail sentence for unlawful use of a badge and affirmed the judgment in all other respects.  It also denied petitioner's request for habeas relief based on a claim of ineffective assistance of counsel.

On June 29, 2005, the Supreme Court of California denied review and, on February 20, 2007, the Supreme Court of the United States denied certiorari.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 USC § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id § 2243.

B.   Legal Claims

Petitioner seeks federal habeas corpus relief by raising several claims, including ineffective assistance of counsel, instructional error, improper admission of character evidence, insufficient evidence and imposition of an upper-term sentence without a jury trial.  Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent.  See Zichko v Idaho, 247 F3d 1015, 1020 (9th Cir 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

C.   Motion for Appointment of Counsel

Petitioner's motion for appointment of counsel (doc # 3) is denied.  See Knaubert v Goldsmith, 791 F2d 722, 728 (9th Cir 1986) (unless an evidentiary

2

hearing is required, decision to appoint counsel in federal habeas proceedings is within discretion of district court).  Petitioner has clearly presented his claims for relief in the petition and attachments thereto, and an order to show cause is issuing.  Accord Bashor v Risley, 730 F2d 1228, 1234 (9th Cir 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum).  The court will appoint counsel on its own motion if an evidentiary hearing is later required.  See Knaubert, 791 F2d at 728.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (doc #2) is GRANTED.

2. The clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3

1          4.     Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

        5.     Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

        SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\HC.07\Diaz, R1.osc.wpd